[In Case No. 6,940 a motion for a continuance on the ground of an improper publication was denied.]

## Case No. 6,929.
### HURST v. HURST.
[3 Dall. 512.]

Circuit Court, D. Pennsylvania. April Term, 1799.

TRIAL—CONTINUANCE.

[The refusal of one of the parties in an action at law to file an answer to a bill seeking discovery of facts essential to the case of his opponent is a ground for the continuance of the trial.]

This cause being marked for trial, Ingersoll moved for a continuance, on the ground, that a bill in equity had been filed by his client, the defendant, in the circuit court, for the New York district, calling for a discovery and account, in relation to the matters in controversy in the present suit; but that the plaintiff here had refused to file an answer to the bill, in consequence of which, an attachment had issued against him. After some remarks by Rawle, in opposition to the continuance,

IREDELL, Circuit Justice. Though on general grounds, I should be very reluctant to agree to the continuance of a cause of this description, which, in a variety of shapes, has been long depending, I think the particular circumstances that have been stated, call for the interposition of the court.

The disclosure of certain facts, that depend on the knowledge of the plaintiff, is deemed essential to a fair decision: if the disclosure will not injure him, he can have no reason for refusing to make it; while his refusal to answer the bill in equity filed in New York, at the same time that he presses for a trial of the common law suit here, raises a strong presumption against him. Under this impression therefore, the continuance is now allowed; and we shall be disposed to hear favorably every future application to postpone a trial, until the plaintiff has filed a satisfactory answer to the bill in equity.